*UNITED STATES BANKRUPTCY COURT*
*DISTRICT OF NEW JERSEY*
*CLARKSON S. FISHER FEDERAL BUILDING*
*UNITED STATES COURTHOUSE*
*402 EAST STATE STREET*
*TRENTON, NEW JERSEY 08608*

*KATHRYN C. FERGUSON, USBJ*                                                                                  *(609) 989-0494*

January 20, 2011

Matthew G. Wapner, Esquire
McCarter & English, LLP
100 Mulberry Street
Newark, New Jersey 07102

Walter J. Greenhalgh, Esquire
Duane Morris, LLP
744 Broad Street
Newark, New Jersey 07102

Alan C. Milstein, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.
Fairway Corporate Center
4300 Haddonfield Road - Suite 311
Pennsauken, New Jersey 08109

              Re:  Solomon Dwek - Case No. 07-11757

                  Charles A. Stanziale, Jr. vs. Victor Sutton,
                  Joseph Sutton, and Morris Abraham
                  Adversary No. 08-1015

                  Plaintiff's Motion for Summary Judgment
                  Document Number 56

Dear Counsel:

   Plaintiff Charles A. Stanziale, Jr., as Liquidating Trustee of the Solomon Dwek Creditors Liquidation Trust ("Trustee"), moves for summary judgment against Victor Sutton, Joseph Sutton, and Morris Abraham ("Defendants") on the grounds that the transfers to the Defendants are voidable as fraudulent conveyances under § 548 of the Bankruptcy Code. The Defendants

opposed the motion and the Trustee filed a reply brief. The Court took oral argument on January 10, 2011.

Summary judgment is not lightly granted. The Federal Rules provide that summary judgment should be granted only when the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. Pro.* 56(c). The party moving for summary judgment has the burden of establishing the nonexistence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The Third Circuit has stated that whenever there is even the "slightest doubt regarding the facts of a case, summary judgment should not be granted." Tomalewski v. State Farm Life Ins, Co., 494 F.2d 882, 884 (3d Cir. 1984). Facts must be viewed in the light most favorable to the party against whom summary judgment is sought. Tran v. Metropolitan Life Ins. Co., 408 F.3d 130, 135 (3d Cir. 2005).

That does not mean that summary judgment is never appropriate. When a party opposes a summary judgment motion, it may not rely on vague allegations or denials. The pivotal language in the Rule is that the nonmoving party must come forward with "specific facts showing that there is a **genuine** issue for trial." *Fed. R. Civ. Proc.* 56(e) (emphasis added). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); In re CitX Corp., Inc., 448 F.3d 672 (3d Cir. 2006).

Count I of the Trustee's complaint is premised on 11 U.S.C. § 548(a)(1)(A), which provides:

> The trustee may avoid any transfer ... of an interest of the debtor in property ... that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily -
>
> > (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation incurred, indebted ....

11 U.S.C. § 548(a)(1)(A). On February 9, 2007, several creditors of Solomon Dwek filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code. On February 13, 2007, SEM filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On February 22, 2007 the Solomon Dwek bankruptcy case was converted to Chapter 11 and it was administratively consolidated with the SEM bankruptcy. It is undisputed that the transfers at issue in this adversary proceeding occurred on February 28, 2006. On February 28, 2006, SEM made three wire transfers totaling $1,369,999.86 to the Defendants. [*Dwek certif.* ¶ 18; Ex. B] Therefore, the transfers were within the two year period covered by § 548(a)(1)(A).

The next issue is whether the Debtor made these transfers "with actual intent to hinder, delay or defraud any entity to which the debtor was or became ... indebted." 11 U.S.C. § 548(a)(1)(A). In an attempt to establish that intent, the Trustee seeks to establish the Debtor's intent by establishing that Solomon Dwek has been running a Ponzi scheme *ab initio*.

The Trustee relies on cases that have held that when the existence of a Ponzi scheme has been established, actual fraudulent intent is established as a matter of law. *See, e.g.,* In re Canyon Systems Corp., 343 B.R. 615, 637 (Bankr. S.D. Ohio 2006) ("[C]ourts nationwide have recognized that establishing the existence of a Ponzi scheme is sufficient to prove a Debtor's actual intent to defraud."). The Trustee argues that Solomon Dwek's admissions "that he was running a Ponzi scheme are conclusive, irrefutable proof, that he was running a Ponzi scheme."

3

*Trustee Brief* at 10.  The Court disagrees.  The Defendants in this action have the right to question Mr. Dwek's motivation for claiming that he was operating a Ponzi scheme, and even if the existence of a Ponzi scheme is established, to probe when it came into existence.  Even the "irrefutable proof" that the Trustee seeks to rely upon is inconclusive about **when** the alleged Ponzi scheme began.  In the criminal trial of Leona Beldini, when Mr. Dwek was asked when his Ponzi scheme first began, he purportedly[1] stated that he began "taking money from the Adjmis to pay back Joey and vice versa, probably in the early maybe 2000, 2001 years."  In contrast, at his August 2010 deposition, Solomon Dwek stated that he first thought of his situation as a Ponzi scheme "probably in '02 or '03".  The Court is aware that the investments at issue here occurred in 2005; nonetheless, on a motion for summary judgment the Court must draw all inferences in favor of the nonmoving party and that means that even if it must infer that if a Ponzi scheme existed, it is not clear when it commenced.

    The Trustee also relies heavily on In re Slatkin, 525 F.3d 805 (9th Cir. 2008).  That reliance is misplaced.  The crucial distinguishing fact in Slatkin was that the debtor's admissions that he was operating a Ponzi scheme were contained in a plea agreement; furthermore, the Ninth Circuit found that the plea agreement itself provided a sufficient factual basis to support the bankruptcy court's finding that the conveyances were fraudulent.  This Court finds particularly significant the Slatkin court's reasoning that "the criminal consequences to Slatkin of making the admissions contained in the plea agreement provide a sufficient circumstantial guarantee of trustworthiness to overcome any concern regarding Slatkin's unreliability or lack of credibility."  Id. at 812-13.  No such guarantee of trustworthiness is present here.  In this case, Mr. Dwek has

---

[1] The Trustee's certification did not attach a copy of the relevant deposition transcript.

never been charged with operating a Ponzi scheme, and the only plea agreement this Court is aware of contained no detailed factual allegations regarding the existence of a Ponzi scheme.

The Trustee's inability to establish the existence of a Ponzi scheme is not fatal to his motion. In fact, the focus on the alleged Ponzi scheme complicates things unnecessarily. To prevail on Count I the Trustee need not establish the existence of a Ponzi scheme, he simply needs to establish the Debtor's intent to defraud his present or future creditors by making the transfers at issue. The undisputed evidence, including the Defendants' own evidence submitted in support of this motion, establishes the following:

- •Solomon Dwek informed Victor Sutton about an investment opportunity involving a property in Neptune, NJ close to Jersey Shore University Medical Center [*Milstein Certif.* Ex. B, 33:20 - 34:14]

- •in an e-mail from Solomon Dwek to Joseph Sutton dated August 10, 2005, Mr. Dwek stated: "We bought a property located at 2040 rt 33 neptune, nj. [sic] The total cost was 6.2 million, the total return will be 7 million on 1/27/06. You put up 1.2 million and will get your share of the profits. Thanks." [*Dwek 12/9/10 Certif.* Ex. C; *Milstein cert.* Ex. B, 35:7-20]

- •Neither Solomon Dwek, nor any entities owned or controlled by him, ever purchased property located at 2040 Route 33, Neptune, NJ. [*Dwek 12/9/10 Certif.* ¶ 21]

- •on February 28, 2006, the Defendants were paid a profit of $169,999.86 [*Dwek 12/9/10 Certif.* ¶ 18, Ex. B; *Milstein Certif.* Ex. B, 51:5-11]

As previously stated, when a party opposes a summary judgment motion, it may not rely on vague allegations or denials. The Federal Rules require that the nonmoving party come forward with "specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. Proc.* 56(e) (emphasis added). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); In re CitX Corp., Inc., 448 F.3d 672 (3d

Cir. 2006). The Defendants have not come forward with **any** facts to suggest that there is a genuine issue for trial. Even viewing all facts in the light most favorable to the Defendants, the Court cannot conclude that a rational trier of fact could find that there was a non-fraudulent reason to pay the Defendants a profit from a sale that never occurred. So even outside a Ponzi scheme, the Court must conclude that the undisputed facts establish fraudulent intent.

At oral argument, Defendants' counsel argued that the Court should totally disregard the certifications of Solomon Dwek because they were "sham certifications" submitted by an inveterate liar. While the Third Circuit recognizes the "sham affidavit doctrine," it does not appear to be applicable here. *See,* EBC, Inc. v. Clark Bldg Systems, Inc., 618 F.3d 253 (3d Cir. 2010)(noting that the Third Circuit had recently "reaffirmed the sham affidavit doctrine's continued vitality and importance") (internal citations omitted). The doctrine comes into play when a party to a summary judgment motion submits a certification/affidavit that contradicts earlier deposition testimony. As the Third Circuit explained: "A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment. A sham affidavit cannot raise a genuine issue of fact because it is merely a variance from earlier deposition testimony, and therefore no reasonable jury could rely on it to find for the nonmovant." Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007). The Defendants in this case have not pointed the Court to any earlier deposition testimony of Mr. Dwek that contradicts the affidavits submitted in support of this motion.

Counsel appears to want the Court to simply dismiss Mr. Dwek's certifications out of hand and to deny summary judgment because "Mr. Dwek is biased in favor of the government

and has a substantial motive to lie." *Defendants' Memorandum* at 10.  Counsel argues that the Defendants are entitled to all reasonable inferences in their favor including inferences on matters of credibility.  The Court agrees.  *See, e.g.,* Newsome v. Admin. Office of Courts, 103 F. Supp. 2d 807, 815, *aff'd*, 51 Fed. Appx. 76 (3d Cir. 2002) (court must "draw all reasonable inferences - including on issues of credibility - in favor of the nonmoving party."); *see also*, Watts v. University of Delaware, 622 F.2d 47 (3d Cir. 1980)("court should take a view of the evidence most favorable to the party against whom the motion is directed, resolving all inferences, doubts and issues of credibility against the moving party.").  What the Defendants fail to properly account is the fact that they have not provided the Court with any facts upon which inference, reasonable or otherwise, could support a denial of summary judgment.  Critically, the Defendants have not produced any evidence at all that Solomon Dwek ever purchased the property located at 2040 Route 33, Neptune, New Jersey.  The only evidence in the record is that he did not.  It is not possible to draw an inference in favor of the Defendants when they have not submitted any evidence whatsoever on this point.  The Defendants also fail to offer even a theory for why a legitimate business man would pay out fake profits to investors.  At oral argument, Defendants counsel suggested that the Defendants' $1.2 million investment was a general investment in Mr. Dwek's real estate empire, and not a specific investment in 2040 Route 33.  That suggestion is controverted by the August 10, 2005 e-mail in which Joseph Sutton asked Solomon Dwek to: "Please confirm our investment <u>including the address of the property</u>, cost, our investment and anticipated sale date and price.  Thank you." *(emphasis added)*  That theory is also contradicted by Victor Sutton's deposition transcript, in which he claims Solomon Dwek drove him by the property he proposed to purchase. [*Milstein Certif.* Ex. B, 39:16-21]

In short, to defeat summary judgment the Defendants needed to come forward with some evidence of genuine disputed facts. They have not done so.

The Trustee seeks recovery of not just the fictitious profits, but also the Defendants' initial investment of $1.2 million. The Defendants' Eighth Affirmative Defense states that the "Trustee is barred from recovering by his Complaint because the Defendants, in good faith, gave value to Dwek and/or SEM, Dwek's alter ego, in exchange for the transfers at issue." Section 548(c) provides that "a transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred ... to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation." 11 U.S.C. § 548(c). Mr. Sutton's deposition transcript raises genuine factual issues with regard to whether he performed due diligence for himself and the other Defendants prior to their investing the $1.2 million at issue. [Milstein cert., Ex. B, 39:22-25] That is sufficient to defeat summary judgment on the good faith defense.

The Trustee's motion for summary judgment on Count I is granted in part, but denied as to the Defendants' good faith defense. Judgment is entered in favor of the Trustee in the amount of $169,999.86. The Trustee should submit a form of order in accordance with this opinion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge